[No. 2871.   March 6, 1925]

## LANDRUM v. HARVEY.

### SYLLABUS BY THE COURT

1. Facts examined and **held** to be sufficient to support a finding by the jury that the jewels d: a hotel guest had been stolen by some employee of the inkeeper.

2. Where the property of a guest is lost in a hotel, a prima facie case of liability of the innkeeper is made out, and the burden of proof is upon him, if he would escape liability, to show that the loss was caused by some fault of the guest.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by L. Billie Landrum against Fred Harvey. From judgment for plaintiff, defendant appeals. Affirmed and remanded, with directions.

W. C. Reid, of Albuquerque, J. M. Hervey, of Roswell, and E. C. Iden, of Albuquerque, for appellant.

We do not believe there can be very much controversy at this stage of this case touching the law as to the liability of an inn-keeper, nor that the plaintiff was guilty of such negligence as was well calculated to have caused her loss; the main question, if not the only question, in the case being whether or not she could save herself from the consequences of her acts by showing that the proximate cause of the loss was not the negligence, but the dishonesty of the defendant's employees.

We contend that the loss was caused by plaintiff's negligence. It is true that in the special findings of the jury the following occurs:

"Q. Did plaintiff exercise the care of an ordinarily prudent person in the care and protection of her jewels? A. Yes."

This, however, is not a finding of fact, but a conclusion. If the acts of the plaintiff claimed to have been negligent are undisputed, and it is not a question upon which reasonable minds might differ, this court will exercise its right to draw a conclusion therefrom, regardless of what the jury or the lower court concluded. 20 R. C. L., p. 169.

The act of the plaintiff in sitting up and allowing the jewels to be wrapped in the soiled linen and dispatched to the laundry can have but one effect under any set of circumstances; that is to say, such act is well calculated to cause the loss or destruction of the property. Glenn v. Jackson (Supreme Court of Ala.), 12 L. R. A. 382; Elcox v. Hill, 98 U. S. 222.

Plaintiff was guilty of contributory negligence and the court's instructions in this respect were inadequate, incomplete and erroneous. Elcox v. Hill, 98 U. S. 222; Lanier v. Youngblood. 73 Ala. 587; Beale on Inn-Keepers and Hotels, Sec. 223; Oppenheim v. Hotel Co., 6 C. P. 515, cited in note to the case of Cutler v. Bonney, 18 A. R. 134; Cashill v. Wright, 6 El. & Bl. 891; note to Cayle's Case, 1 Smith's Leading Cases 126; note to the case of Johnson v. Chadbourn Finance Co., 99 A. S. R. 571.

The real battle-ground in this case was the proximate cause of the loss of the jewels, and the burden of proof as to this cause. If the defendant pleads and succeeds in proving contributory negligence on the part of the plaintiff, or in this case, negligence calculated to have caused the loss, then the plaintiff may escape the loss by showing that her negligence was not the proximate cause of the loss, but the burden is upon the plaintiff to show this, and not upon the de-

fendant to prove the negative. Union Pac. Ry. Co. v. Callaghan, 56 Fed. 988 at 990; Shearman & Redfield on Negligence, 6th Ed., Vol. 1, p. 125 and note.

The verdict was inconsistent with the special findings and not supported by the evidence.

Marron & Wood, of Albuquerque, for appellee.

Upon the former appeal this court decided that the evidence did not establish plaintiff's negligence causing or contributing to her loss, as a matter of law; and also that the evidence was sufficient to warrant the jury in finding that some servant of the defendant stole the jewels. The evidence being unchanged, that became and is the "law of the case." State ex rel. Garcia v. County Comrs., 22 N. M. 562, 1 A. S. R. 721 n.; Roberts v. Cooper, 20 How. 481.

It was not error to refuse defendant's proposed instruction number ten. That requested instruction told the jury that, in order to recover, the plaintiff must prove that some agent or servant of the defendant, "employed by it to protect its said guests and care for their property and the rooms occupied by them," carried away from the room of the plaintiff and from her bed the rings and jewelry; and that the burden of proving all of those facts was upon the plaintiff. It is perfectly apparent that the instruction as proposed would have been error. It did not matter whether the rings were stolen by an agent or servant "employed by it to protect its guests and care for their property and the rooms occupied by them" or whether the agent or servant who stole them was the hostler in the barn or the fireman in the cellar. The instructions given by the court fairly presented the question of burden of proof. Corcoran v. Traction Co., 15 N. M. 19; State v. Archuleta, 20 N. M. 19.

The judgment should be affirmed.

#### OPINION OF THE COURT

PARKER, C. J. This case was here before. See 28 N. M. 243, 210 P. 104. At that time, the law as to

a landlord's liability for loss of his guests' property was declared so far as this case is concerned. The case was retried, resulting in a verdict and judgment for plaintiff (appellee) for $2,360, from which defendant (appellant) has appealed.

[1]  1. The jury made a special finding that the jewels of plaintiff were stolen by some employee of defendant. If this conclusion was reached upon substantial evidence, and no error of the court intervened, it would seem to dispose of the whole matter. Therewas no direct evidence of the larceny. The rings were in a pillow slip, and the maid came into plaintiff's room, as was her custom, shook out the pillows from the slips, removed the same, together with the sheets, from the bed, and laid the same in the hall just outside the door of plaintiff's room. Soon thereafter the maid discovered a ring on the floor, and returned the same to the plaintiff, whereupon a search was instituted. It was found that the linen had been removed from the hall floor, and had reached the laundry, after having passed through the hands of several employees. The rings were never found. The maid knew of plaintiff's custom of keeping the rings in the pillow slip. After the jury had been instructed and had retired to consider of their verdict, they returned into court, and, through their foreman, made the following request of the court:

"Since this property was not found on any person, we would like to have some instruction regarding circumstantial evidence."

The court thereupon gave an instruction on circumstantial evidence, and the jury again retired, and later returned the finding above mentioned. The jury evidently considered the above facts as sufficient to establish, circumstantially, the larceny of the jewels by some employee of defendant. We cannot say that this evidence was not sufficiently substantial to support the finding. The receptacle in which the rings were placed is traced to the possession of the maid, and

from the maid to the hallboy, and from him to the woman in the linen room, and from her to the employees in the laundry, and, when examined, it is found not to contain the rings. If they were in the pillow slip when it left the room, then several employees of defendant had the pillow slip in their possession successively, and no one else is shown to have had access to it. This is sufficient to support the finding.

[2] 2. Counsel for defendant, however, urge that this conclusion must have been reached by the jury by reason of misdirection on the burden of proof. The court instructed the jury that, if they found that the plaintiff lost her rings in defendant's hotel, then the burden was on the defendant to establish the cause of such loss, and that it was produced by some means or agency for which the plaintiff herself was responsible. Counsel objected to this instruction on the ground that it put the burden upon the defendant to show that the rings were not stolen by an employee. Counsel also requested an instruction that the burden was on the plaintiff to show that some employee of the defendant had stolen the rings. The issue was thus squarely presented to the court whether the burden of showing that the rings were stolen was on the plaintiff, or whether the burden was on defendant to show that the loss occurred in some manner which would excuse him, such as the negligence or contributory negligence of the plaintiff, or that defendant's employees did not steal the rings. The court put the burden on the defendant. In view of the law at the time this loss occurred, as declared in the former opinion, this was undoubtedly correct. At that time the innkeeper was the insurer of the safety of his guests' property. The loss of such goods made out a prima facie case of liability. If the innkeeper would escape liability, he must show that the property was lost through some other cause than the larceny of his employees. In this case, he tried to show that the rings were lost by reason of the negligence or contributory negligence of the plaintiff. In this he failed, the jury

having specially found that the plaintiff had used the care of an ordinarily prudent person in the protection of her property, which means, of course, that she was guilty of no negligence. Upon this subject of the burden of proof, the cases are collected in 32 C. J. "Innkeepers," § 66.

Some other considerations are presented in the briefs, but, in view of the foregoing conclusions, they need not be noticed.

It follows from all of the foregoing that the judgment of the court below was correct and should be affirmed, and the cause remanded, with directions to proceed accordingly, and it is so ordered.

BICKLEY and WATSON, JJ., concur.